Edward T. Sullivan, J.
Appellant was convicted on July 20, 1964 after trial without a jury in the Court of Special Sessions of the Village of Ballston Spa, Saratoga County, New York (Ieigenia T. Brown, Acting Police Justice) of operating a motor vehicle while his ability to operate such motor vehicle was impaired by the consumption of alcohol, in violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law of the State of New York, and was fined $25. The fine was paid on July 20, 1964. This section of the Vehicle and Traffic Law classifies driving while impaired as a traffic infraction. However, subdivision 2 of section 510 of the Vehicle and Traffic Law subtitled ‘ ‘ Mandatory suspensions and revocations ’ ’, in an unnumbered and unlettered paragraph therof provides also that the license to drive must be suspended for a period of 60 days upon conviction of a violation of subdivision 1 of section 1192. Appellant appeals from this conviction on numerous grounds set forth in his personal affidavit of errors. County Court has before it the return of the Trial Justice, attached to which are an information, a uniform traffic ticket, photocopies of the docket entries of the court proceedings, and a copy of the transcription of the trial minutes.
Appellant was twice charged, twice arraigned and once tried. The uniform traffic ticket, No. 249428, charges appellant with driving while intoxicated on April 4,1964 in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law, a criminal misdemeanor, and the court is given jurisdiction thereof by the execution of the short-form complaint annexed thereto by the arresting officer before the above Police Justice on April 4,1964. The second charge, under an information dated and sworn to *1095 on May 2,1964 by the same officials, accuses the appellant of the lesser charge of the noncriminal traffic infraction of which he was convicted. The entries on the two pages of the docket are made to indicate one court proceeding. The transcript of the minutes is intended as a verbatim report of the motion proceedings before trial and of the trial itself held on July 20,1964.
Appellant was arrested at about 4:00 a.m., April 4, 1964, by State Police Officer R. L. Coon on New York Route 50, in the Town of Milton, Saratoga County, New York (Milton Avenue in the Village of Ballston Spa) for driving while intoxicated; submitted voluntarily to a blood test; appeared in Special Sessions Court with the same counsel who appears for him on this appeal; and was arraigned. It is conceded that the traffic ticket contained the red printed warning required under and authorized in this form by section 335-a of the Code of Criminal Procedure and that the oral warning was not given by the court. It is noted on the return under date April 4, 1964, “ Waived reading of arraignment ’ \ Appellant contends that the traffic ticket was not served upon or handed to him personally on April 4, 1964 ,* and respondent contends that the alleged waiver by the attorney for appellant and the alleged acquisition of a copy of the uniform traffic ticket by said attorney sufficiently comply with the mandatory procedural requirements of section 335-a. County Court finds that a determination of this question is not essential to a decision on this appeal for the reason that in some manner the criminal charge of driving while intoxicated was discontinued on an adjourned hearing held on May 2, 1964 and the docket entry is as follows: “ May 2, 1964 Complaint and Information withdrawn upon motion of Mr. Carola, Assistant D.A., — no objection by defense counsel, Mr. Tracy — Charge reduced because of insufficiency of evidence of alcoholic content to sustain D. W. I. conviction.” This entry is very close to the bottom of the first page of the court docket sheets, and nothing further appears above the signature of the Acting Police Justice. The long-form information, dated and sworn to May 2, 1964 charging the traffic infraction of which appellant was convicted was filed at the May 2, 1964 hearing. The next chronological entry on page 2 of the docket sheets is: “ May 2, 1964 Information reading waived by defense counsel.— Defendant pleaded not guilty and failed to demand a jury. ’ ’
It is conceded by both sides that no uniform traffic ticket was issued and served on the appellant and that no oral warning was given by the court at the hearing on May 2,1964, as required by section 335-a. At this hearing counsel for respondent did not request the court to state the warning nor did counsel for appel *1096 lant put any objection or exception on the record. However, prior to the actual trial on July 20, 1964, counsel for appellant preserved his rights to claim fundamental injustice under the statutory procedural mandate by moving to dismiss the information charging the violation of subdivision 1 of section 1192, driving while ability is impaired, on the ground that the failure to conform to the provisions of section 335-a is jurisdictionally fatal and rendered any further proceedings void. Counsel for respondent opposed, again contending that the alleged waiver by the attorney for the appellant and the alleged acquisition of a copy of the uniform traffic ticket by the attorney for the appellant on the original arraignment for driving while intoxicated is sufficient warning under the statute in the proceeding under the second information. The trial court denied the motion to dismiss, granted an exception on the record and directed that trial proceed.
Respondent cites People v. Cook (25 Misc 2d 722, 724) for the principle that a defendant need not be informed again where original charge is withdrawn and a lesser degree of same crime charged. The Cook case does not charge a lesser degree of the same crime. In Cook, conviction was sustained without the statutory warning being repeated by the court on the second arraignment for the reason that the second information charged the identical crime as the first information; viz.: driving while intoxicated in violation of then subdivision 5 of section 70 of the Vehicle and Traffic Law. The information differed only in that the first was made upon information and belief and the second was not. The court held that to repeat the statutory warning would be a meaningless ritual. In Cook the appellate court cited Matter of Astman v. Kelly (2 N Y 2d 567). The Cook decision is thus distinguished from the present case on appeal wherein the new information makes a lesser charge; a noncriminal traffic infraction in place of a traffic crime. Respondent also relies upon the Astman v. Kelly case (supra) for the principle that there is no necessity to advise pursuant to section 335-a where an attorney is present at all stages of the proceedings, pointing out that the attorney for the appellant appeared in this case shortly after the arrest and continued through the first arraignment and through the second arraignment.
The appellant cites Matter of Hubbell v. Macduff (2 N Y 2d 563) as recent authority that the trial court must give the warning required by section 335-a. It is to be noted that Hubbell and Astman. were both decided by the Court of Appeals on *1097 April 11, 1957 and each, in turn, cites the other case in its opinion. Each of these cases is an article 78 proceeding collaterally attacking license revocations based upon a specific traffic conviction. Each contends that the warning required by section 335-a was omitted. Each is a civil proceeding which seeks judicial determination as to whether the Commissioner’s disciplinary action was capricious or arbitrary. Such a proceeding is not available to test the validity of a conviction itself but only to challenge the action of the Commissioner of Motor Vehicles in taking disciplinary action in reliance upon such conviction. (Matter of Zoll v. Hults, 20 A D 2d 496.)
In Hubbell, the conviction in issue was on a plea of guilty. Court of Appeals held that the warning was essential, and it affirmed the Appellate Division order remitting the proceeding to Special Term for a trial of the issue as to whether accused received the warning at the time of his arraignment. In Astman, the conviction in question resulted after a trial at which accused was represented by counsel. In the Astman case, the Court of Appeals agreed with the Appellate Division decision that section 335-a, requiring the trial court to give the warning upon the arraignment of the accused and before accepting any plea, is not waived when a defendant enters a plea of not guilty and demands a trial. Court of Appeals disagreed with Appellate Division in Astman (p. 570), “ only insofar as it held that petitioner here was prejudiced by reason of the failure of the City Court Judges to comply with the provision of section 335-a ”. Court of Appeals then reinstated the order of Special Term confirming the revocation determination of the Commissioner, holding that petitioner therein was not prejudiced by the omission.
In reaching this determination under the particular facts and circumstances of the Astman case, the opinion points out that, in the criminal case in which he was convicted, (1) petitioner was represented by counsel, (2) petitioner pleaded not guilty, (3) conviction was had after a full trial, (4) there was no claim that he did not receive a fair trial, (5) there was no claim that he was not properly convicted, (6) he did not assert that any errors transpired during the trial, (7) when the case was called for trial, counsel stated that he was “ ready”, (8) he alleged prejudice with reference to taking an appeal but he did not allege ■that an appeal would have been helpful nor did he allege any apparent ground for an appeal, (9) his claim that he would have obtained more witnesses and would have appealed from the conviction, had the warning been given, was classed as an *1098 afterthought, (10) he did not claim that his change of plea from guilty to a plea of not guilty prejudiced him in the eyes of the Trial Judge, (11) his appeal affirmatively stated that the withdrawal of his guilty plea was not used as an admission against him upon the trial. The absence of any prejudice in respect to a substantial right resulting from the omission to give the warning appears to be the pivotal point of the Astmcm holding; and, to this court, is the only point upon which the different conclusions in Hubbell and in Astmcm could be reached. This analysis is further strengthened by the holding in the Astman appeal (p. 570), “that the requirement of section 335-a is not waived by the entry of a plea of not guilty ” and the Court of Appeals rule, that section 335-a must be read to a defendant regardless of whether he is represented by an attorney (People v. Duell, N Y 2d 132).
The prosecution argument that this was one proceeding is untenable. There were definitely two separate and distinct proceedings, both of which were on the criminal side of the court. The first charges a misdemeanor, conviction of which not only requires punishment of a penal nature and results in a criminal record for the accused, but also mandates the revocation of his operator’s license, and permits the revocation of his certificate of registration (Vehicle and Traffic Law, § 510, subd. 2, par. [c]). That the first proceeding was conclusively terminated was recognized by both parties and by the trial court. The second charges a traffic infraction which, by statutory pronouncement (Vehicle and Traffic Law, § 155), is not a crime; which also provides that the punishment imposed therefor shall not be deemed for any purpose a penal or criminal punishment; and conviction of a traffic infraction shall not affect or impair credibility as a witness or otherwise. On the first, a jury may be demanded; on the second, no jury trial shall be allowed. A conviction of the second, the infraction, mandates only a 60-day suspension of operator’s license (not revocation), and permits a 60-day suspension of the certificate of registration. In such circumstances the statutory admonishment as to the subjection of the licenses and certificates of registration to possible revocation or suspension, if indeed any were made, does not carry over from the first arraignment on the charge of driving while intoxicated to the second separate and distinct arraignment on the charge of operating while ability is impaired by consumption of alcohol.
This is a timely appeal from a conviction of a criminal nature. It is not controlled by the judicial ruling in a civil proceeding making a collateral attack upon a criminal conviction which has *1099 not been appealed. In fact, the opinion in the Astman case, which might on first reading be considered an inconsistent ruling, relies upon the failure to take an appeal and the failure to allege proper grounds for an appeal as factors to support its essential finding that the petitioner there as an accused had not been prejudiced. In any event, the appellant herein was prejudiced. If he were warned of the possible consequences affecting his license or registration upon his arraignment on the first information, the failure to so warn him on the second arraignment for the lesser charge could well lead him to believe that there were no such consequences adversely affecting his license and registration. Further, his counsel might well have been prejudiced in his presentation of the defense after the denial of his motion to dismiss when he was ordered to proceed to the trial knowing that the failure to give the statutory warning at the arraignment and before the entry of any plea was jurisdietionally fatal. Appellant held a valid operator’s license which is the very property right which the statuory warning requirement was enacted to protect.
In criminal proceedings and in proceedings of a criminal nature where conviction may involve the possible revocation or suspension of operator’s license or the certificate of registration, the statutory warning is a mandatory procedural requirement. In many of its recent decisions the Supreme Court of the United States has placed due process of law high on the list of constitutional rights that the courts shall guarantee. It has repeatedly condemned illegal acts of law enforcement officials to obtain evidence or otherwise bring about the conviction of the accused. It has zealously guarded, protected and guaranteed these rights for the benefit of the innocent, even though in a particular case freedom is granted to the guilty. The omission of the Magistrate to give the warning required by the statute on the arraignment of appellant before any plea, guilty or not guilty, was accepted is a denial of due process. Since the advice pursuant to section 335-a was not given, the conviction cannot stand.
The conviction of the appellant is reversed, the record of such conviction and the record of the suspension, if any, of his license to operate a motor vehicle based on such conviction is expunged from his records in the Department of Motor Vehicles of the State of New York, the fine is remitted, and the information is dismissed.