Richard D. Yuuker, J.
An information was sworn to by a peace officer on June 24, 1968 charging the defendant with speeding. The information is what is called a long-form information. It is not the short-form information which is part of the uniform traffic ticket packet. The court was informed by an attorney on behalf of defendant that a trial was requested. By arrangement with the attorney and an Assistant District Attorney July 12, 1968 was set as trial date.
On the trial date the People were represented by an Assistant District Attorney. The attorney who arranged the trial date appeared on behalf of the defendant. The defendant did not come to court with his attorney and his attorney stated that he *440 was working nearby and could come to court if necessary but that he would prefer not to have to take time off from work for the trial. The court stated that the defendant had never appeared in court to answer this charge and that his appearance would be necessary. Thereupon the attorney for the defendant left the court and shortly after returned with defendant.
When the defendant appeared before the court he was informed of the charge against him. . The defendant acknowledged that he. was represented by his attorney Randolph P. Ziekel. The attorney for the People stated that the People were ready for trial. The attorney for the defendant stated that the defendant was ready for trial.
No other instructions or warnings were given to the defendant before trial. Defendant was not asked to enter a plea of either guilty or not guilty before the trial and did not do so.
The opening statment was waived by the People and also by the defendant. The witness for the People was the complaining police officer. His testimony was that he was driving an automobile on the Lewiston Road toward the Village of Oakfield. Another automobile which he later learned to be operated by the defendant passed him going in the same direction. He stated he memorized the license number as BA1954. He followed the car to the Village of Oakfield according to his testimony. He stated that from the Batavia-Oakfield Townline Road to the Village of Oakfield the speedometer on the automobile which he was driving registered 90 miles per hour and did not go below 90 miles per hour during that time. He further stated that he was approximately 100 yards behind the other automobile and was not gaining on the other automobile between the Townline Road and the Village of Oakfield. He further testified that the speedometer in the automobile he was driving was not calibrated. According to his testimony he has been a police officer for 13% years. He stated that his judgment as to. speed has been tested by the use of a fifth wheel which was calibrated. He further testified that he has driven cars with calibrated speedometers in police work. He further testified that he has tested his ability to judge speed by the use of radar. In his opinion he is capable of judging speed of an automobile within five miles per hour and stated that his opinion has been verified by his experience in driving automobiles with a fifth wheel which is calibrated, driving automobiles with calibrated speedometers, and in setting up and testing radar installations. He testified that in his opinion the speed of the automobile at the time it was traveling from the Townline Road to the *441 Village of Oakfield was 85 miles per hour and that he did not believe the speedometer in the automobile he was driving was correct when it stated that the speed was 90 miles per hour. The officer further testified that there were no signs posted on the highway in question permitting a speed above 50 miles per hour.
The officer stated that the other automobile turned off Route .63 some place in the Village of Oakfield and that he stopped it and observed the license number which he had memorized when the automobile passed him. He identified the defendant in court as the driver of that automobile when it was stopped and the sole occupant of the automobile. On cross-examination the officer testified that he did not lose sight of the automobile which he stated was occupied and driven by defendant from the Townline Road to the place where he stopped it and observed the defendant as the sole occupant. He did acknowledge that he had lost sight of the automobile before reaching the Townline Road after it had first passed him and gone over the crest of a hill and that he had to speed up and caught up to the automobile in question when it reached the Townline Road.
At the conclusion of the direct testimony of the officer the defendant moved to dismiss the information because no written information had been served upon the defendant before his appearance in court. This motion was denied. The officer was then cross-examined by the defendant’s attorney.
On redirect examination the officer testified that on the Monday following the alleged speeding incident he had seen the defendant at his place of work and told him that an information had been laid before me charging him with speeding and that he should appear before me on Tuesday.
The People then rested their case.
By arrangement of the defendant’s attorney with the court as stated above, the defendant did not appear on Tuesday and did not appear in court until the trial date.
The defendant then moved to dismiss the information on the following grounds:
1. The defendant was not given the warning required by section 335-a of the Code of Criminal Procedure.
2. Defendant had not been asked to plead to the charge.
3. Defendant had not been given the warning required by section 335-c of the Code of Criminal Procedure.
4. Defendant had not been informed of his rights to a bill of particulars under section 147-f of the Criminal Code.
*442 5. The information failed to satisfy the requirement of section 145 of the Code of Criminal Procedure in that it had not alleged previous convictions of defendant.
The court denied the motion to dismiss the information insofar as it rested on the grounds listed as No. 2 above, that the defendant had not been asked to plead. The court reserved decision on the motion insofar as it rested on the other grounds listed and the court also reserved decision on rendering a verdict.
The third ground listed above, that the defendant had not been given a warning required by section 335-c of the Code of Criminal Procedure docs not warrant dismissal. By its terms section 335-c applies ‘ ‘ Except in a case governed by section three hundred thirty-five-a of this code ”. Since section 335-a of the Code states that it applies upon arraignment of a person “ charged with a violation of the vehicle and traffic law ”, then it is section 335-a that is applicable to this case and section 335-c is not applicable.
The fourth ground for the motion to dismiss, that the defendant was not informed of his rights under section 147-f of the Code of Criminal Procedure does not warrant dismissal. That section of the Code of Criminal Procedure requires the court to inform the defendant of his right to a bill of particulars when a simplified traffic information is used. It is applicable only when a simplified traffic information is used.
The fifth ground listed above, that the information did not satisfy section 145 of the Code of Criminal Procedure because previous convictions were not alleged, likewise will not warrant dismissal. This section by its terms states that previous convictions shall not be alleged ‘ ‘ unless such previous conviction affects the degree of crime charged in the information or is an element of such crime or is a circumstance affecting the jurisdiction of a court or magistrate to hear and determine the charge.” Whatever previous convictions the defendant may have, if any, will not affect the degree of the charge against him nor the jurisdiction of the court to hear it.
This leaves for consideration only the grounds for dismissal listed as No. 1 above, that is, that the defendant was not given the warning required by section 335-a of the Code of Criminal Procedure. The case of Matter of Astman v. Kelly (2 N Y 2d 567 [1957]) is applicable here. In that case the Commissioner of Motor Vehicles had revoked the license of a motorist who had incurred three speeding convictions for violations occurring within a period of 18 months. The motorist brought a civil action against the Commissioner of Motor Vehicles to have his license reinstated. The motorist contended that he had not been given *443 the instruction required by .section 335-a of the Code of Criminal Procedure in connection with one of the speeding charges. He had been convicted of the speeding charge after a trial on which he was represented by an attorney. The Court of Appeals held that the court erred in failing to give the instruction and that the instruction should be given to every defendant whether he pleads guilty or whether he stands trial. However, the court also held that the error of the trial court in failing to give the instruction was not prejudicial and the court would not set aside the action of the Commissioner in revoking the license.
In the present case the question is raised by a motion in the trial court rather than by a collateral attack upon the conviction of judgment as in the Astman case above. However, the holding of the Astman case is applicable. In the Astman case the Court of Appeals held that a motorist could be deprived of his license by the Commissioner of Motor Vehicles even though the warning had not been given. There is no reason to believe the holding of the court would be other than that a motorist could be convicted upon trial where the warning had not been given. If the Court of Appeals would permit a motorist to suffer the penalty of losing his license based upon a conviction upon trial without the warning, it would seem it would approve the conviction of the motorist upon trial without the warning.
In the case of People v. Murray (49 Misc 2d 1093 [1966]) a situation similar to the present case appears. There the defendant had been charged with driving while intoxicated and had received the warning required by section 335-a of the Code of Criminal Procedure. Thereafter this charge was dropped and the defendant was instead charged with driving while his ability to operate was impaired by the consumption of alcohol, which was a lesser charge, but which nevertheless would cause the defendant to lose his license if he were convicted. On the second charge the defendant was not given the warning required by section 335-a of the code. The defendant stood trial and was convicted. Prior to the trial the defendant’s attorney moved to dismiss the information on the ground that the court failed to give the instruction required by section 335-a of the code. This motion was denied by the court and trial was had. It did not appear that the court ever gave this instruction to the defendant even when the question was raised by the defense attorney before trial. However, it is understandable that the court might have thought it unnecessary at that point since it was obvious from the ground for the motion that the defense counsel was aware of the warning required by section 335-a of the code. On the appeal the -County Court reversed the convic *444 tion. It distinguished the Astman case in that the Astma/n case represented a collateral attack upon a judgment of conviction rather than a direct attack by motion made in the trial court and appeal from the trial court.
This court does not distinguish the Astman case as was done in the Murray case. No distinction should be made because the issue is raised in the trial court or on appeal instead of raised by a collateral attack on the judgment of conviction. The holding of the Astman case was that the failure to give the instruction was not prejudicial where the defendant contested the charge and stood trial. In the Murray case the opinion indicates that the giving of the warning on the first charge of driving while intoxicated and the failure to give the warning on the second charge of driving while impaired might have misled the defendant into believing that on the lesser charge there was no possibility of the loss of his license. But it is obvious the defense attorney was aware of the warning required by section 335-a of the code when he moved to dismiss for failure to give that warning. It is reasonable to infer that the defendant also was aware of this warning and there is nothing alleged to the contrary.
The opinion in the Murray case also recites (p. 1099) that counsel for the defendant might have been prejudiced in his presentation of the defense, “ after the denial of his motion to dismiss when he was ordered to proceed to the trial knowing that the failure to give the statutory warning at the arraignment and before the entry of any plea was jurisdictionally fatal.” If the Astman case is accepted it must mean that the Court of Appeals did not consider the defect jurisdictional; to believe otherwise is to believe that the court would have decided the motorist in the Astman case could be deprived of his license because of a conviction which was a nullity and no conviction at all.
It is interesting to note that in a case of People ex rel. Purvis v. La Vallee (18 N Y 2d 753 [1967]) the Court of Appeals construed the then section 335-b of the Code of Criminal Procedure, now section 335-c, which required the court to warn a defendant on arraignment before accepting a plea when he could receive additional punishment if he was a second felony offender. The trial court failed to so inform the defendant in that case. He was convicted after trial and after his conviction, sentenced as a second felony offender, receiving additional punishment because of the fact that he had a prior felony conviction. The question was raised on a writ of habeas corpus. The Court of Appeals held that the defendant was not preju *445 diced by failure to give him the warning where he had stood trial. The Purvis case was a unanimous opinion, concurred in by Judge Van Voorhis, who was the only dissenting Judge on the Astman case. This affirms the impression gained from reading the dissenting opinion of Judge Van Voorhis in the Astman case that the dissent was made not because the defendant had been prejudiced in the Astman case but because the statute, section 335-a of the Code of Criminal Procedure, was taken as one that should be strictly construed and to which no exceptions should be permitted whether or not they were prejudicial to the defendant. The Purvis case, which is more recent than the Astman case, can be construed as an affirmation of the holding of the Astman case; if the Court of Appeals would let stand sentence as a second felony offender based upon conviction after trial without the warning required by present section 335-c of the Code of Criminal Procedure, it would seem the court would still let stand a conviction for speeding after trial without the warning required by section 335-a of the code.
The motion to dismiss the information on grounds that the court failed to give the warning required by section 335-a of the code is denied. The court finds the defendant guilty of speeding.
The court notes the provision of subdivision 7 of section 510 of the Vehicle and Traffic Law which was adopted some time after the Astman case was decided. It is provided in the last paragraph of that subdivision that “ No suspension or revocation of a license or certificate of registration shall be made because of a judgment of conviction if the suspending or revoking officer is satisfied that the magistrate who pronounced the judgment failed to comply with three hundred thirty-five-a of the code of criminal procedure." Had it been in effect prior to the time the Astman case arose, the Astman case would not have risen. This section applies only to suspension or revocation of a license. It has no application on the question of whether or not there can be a conviction in a particular case and does not affect the holding of the Astman case that it is not prejudicial error when the warning required by section 335-a of the 'Code of Criminal Procedure is not given when the defendant stands trial. However, because of this provision of the Vehicle and Traffic Law, the conviction of the defendant in this action cannot be a basis for suspending or revoking his license or registration either by this court or by any other court or by the Commissioner of Motor Vehicles.